**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ROSEMARY McCONNELL**                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:10-cv-97KS-MTP**

**ROBIN FUNK and**
**WAL-MART STORES, INC.**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motion to Remand **[#6]** filed on behalf of the

Plaintiff.  The Court, having reviewed the motion, the response, the briefs and pleadings

and exhibits on file, finds that the motion is not well taken and should be denied.  The

court finds specifically as follows:

Plaintiff alleges that on Sunday, June 15, 2008, she slipped and fell on a

substance she believed to be beans and water.  As a result of this alleged incident,

Plaintiff filed suit against Wal-Mart and Robin Funk ("Funk"), the Store Manager of

Wal-Mart Store #916 in Hattiesburg, Mississippi.  Plaintiff's Complaint and Motion to

Remand allege Wal-Mart and/or Funk failed to properly clean the area where the

subject incident occurred and failed to take reasonable efforts to remove the alleged

hazardous condition.

However, contrary to the allegations in the Plaintiff's Complaint and Motion to

Remand, Funk has provided an affidavit that she was not working on the date of the

subject incident and that she had no involvement with the subject incident.  Thus,

defendants argue there is no legal or factual basis upon which to hold Funk liable in this

case.  Further, in her Motion to Remand, Plaintiff offers no factual or legal basis to refute that Funk was fraudulently joined in this action.  Instead, Plaintiff argues only that removal is not proper because the amount in controversy is not satisfied.  More specifically, Plaintiff attempts to argue that the settlement demand letter received by Wal-Mart was not an "other paper" upon which Wal-Mart could base its removal.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549;(*citing Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964)))

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant, Magco. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986).  Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff.  *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony.  *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined.  See *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).  Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against Magco.  *Badon*, 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

 A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)); *see also Crawford v. Charles Schwab & Co., Inc.*, 2009 U.S. Dist. LEXIS 101598, *10 (N.D. Tex. Oct. 30, 2009).

However, the Fifth Circuit went on to caution,

While the decision regarding the procedure necessary in a given case must lie

within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

The Rule 12(b)(6) type analysis requires the court to determine whether the plaintiff has "'pleaded enough facts to state a claim to relief that is plausible on its face.'" *Crawford*, 2009 U.S. Dist. LEXIS 101598 at *10 (quoting *In re Katrina Canal Breach Litigation*, 495 F.3d 191 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)).  A complaint will not survive this analysis if it "'tenders naked assertions devoid of further factual enhancement.'"  *Id.* quoting *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009). "'Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.'" Id. (quoting *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004)).  Thus, to survive a Rule 12(b)(6)-type inquiry a plaintiff must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (citing *Iqbal*, 129 S. Ct. at 1949).

In this case the Complaint contains, at best, only conclusory allegations against Funk.  The Complaint alleges that Wal-Mart and Funk were negligent in failing to

-4-

properly inspect the floor in order to insure that it was clear of all substances, or objects or conditions which might pose a hazard to the customers; failing to take proper precautions to prevent the general public, customers and the plaintiff from walking on the floor while it was unsafe to do so; failing to warn the general public, customers and plaintiff of the liquid substance.

The Complaint, however, does not contain any specific allegations against Funk nor does the Complaint contain any factual support for any allegation that Funk was in any way personally responsible for the subject incident.  In fact, Plaintiff's allegations against Funk are premised on nothing more than the fact that Funk is the store manager of the subject Wal-Mart.  Thus, the conclusory allegations against Funk are insufficient to survive a Rule 12(b)(6) analysis and, as such, Funk has been fraudulently joined and should be dismissed.  *See Griffin v. Dolgen Corp.*, 143 F. Supp. 2d 670 (S.D. Miss. 2001) (holding that store manager may only potentially be liable in premises liability action where some negligent act of the manager contributed to the subject incident).

The main contention addressed by the parties, however, is the jurisdictional amount.  The Plaintiff contends that the $75,000 jurisdictional limit of § 1332 is not satisfied while the Defendants contend to the contrary by virtue of receipt of an "other paper."  Thus, Plaintiff asserts that the Defendants failed to timely remove this action from state court.  28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.

>    If the case stated by the initial pleading is not removal, a notice of
> removal may be filed within 30 days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,
> order, or other paper from which it may first be ascertained that the case is
> one which is or has become removable, except that a case may not be
> removed on the basis of jurisdiction conferred by § 1332 of this title more
> than one year after commencement of the action.

Plaintiff's Complaint sought an award "in excess of twenty-five thousand dollars," but did not specifically demand an amount in excess of $75,000.00.  As such, on or about September 18, 2009, Wal-Mart propounded Requests for Admission to Plaintiff in an attempt to determine whether she was, in fact, seeking damages in excess of $75,000,00.  However, on October 26, 2009, Plaintiff filed responses to these requests which stated that "Plaintiff cannot say at this point in the proceeding what the value of her claims are, inasmuch as she is still receiving medical care from her primary care physician.  Plaintiff has not been released from her physician and does not know what her prognosis is at this time."

Plaintiff asserts that after depositions were taken on March 15, 2010, Wal-Mart requested that counsel for Plaintiff give a settlement demand.  Thereafter, on April 5, 2010, counsel for Wal-Mart received a letter from counsel for Plaintiff itemizing Plaintiff's medical expenses and contained the following settlement demand: "We would recommend at this time that [this] claim be concluded for the total sum of $375,000.00."

Plaintiff's counsel contends that this letter only was meant to indicate that he did not have authority to settle this case for any amount, but would engage in discussions with Rosemary McConnell towards the goal of getting the Plaintiff to authorize a settlement amount.  Indeed, counsel for Plaintiff states that as of the present date, he has not been authorized to settle for any amount.  Plaintiff goes on to argue that while

counsel for Wal-Mart refers to the letter as a "settlement demand", it was only a statement of future plans of Plaintiff's counsel after Wal-Mart counsel requested a settlement offer.

The court finds Plaintiff's counsel's argument disingenuous. A settlement letter can be sufficient to constitute "other paper" which makes the case removable where the settlement request demands an amount over the jurisdictional minimum. *See Addo v. Glove Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (holding that a post-complaint settlement demand letter may serve as an "other paper" under § 1446(b)). The letter submitted by Plaintiff's counsel clearly and unquestionably contained a $375,000.00 settlement demand. Whether counsel made such a demand without having authority from his client to do so is irrelevant. What is relevant is that counsel for Wal-Mart received the letter, which contained a demand well in excess of $75,000.00, and, after receipt of such letter properly exercised its right to remove this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#6]** filed on behalf of the Plaintiff is denied and that all of Plaintiff's claims against Defendant Robin Funk are dismissed with prejudice as she was improperly joined.

This case is to be returned to the standard track and the parties are directed to contact Magistrate Judge Michael T. Parker within ten (10) days of the date of this order to set a date for a scheduling conference.

SO ORDERED AND ADJUDGED this the 16th day of November, 2010.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE